30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE (AG-S), Defendant-Appellant.
 No. 93-50788.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1994.*
Decided Aug. 5, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A juvenile, AG-S, pleaded guilty to two counts of juvenile delinquency, in violation of 18 U.S.C. Sec. 5032, for importation of over 100 kilograms of cocaine, in violation of 21 U.S.C. Secs. 952 and 960; and possession of over 100 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to detention in the Bureau of Prisons contract facility for the period of his minority, which expires November 10, 1995. AG-S appeals his sentence claiming the district court violated his due process rights by failing to consider rehabilitation in sentencing him. We affirm.
 
 ANALYSIS
 
 3
 The government asserts that we lack jurisdiction over this appeal under 18 U.S.C. Sec. 3742(a), which provides:
 
 
 4
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 
 
 5
 (1) was imposed in violation of law;
 
 
 6
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 7
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 
 
 8
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 9
 The government argues that AG-S's sentence does not fit within any category of appealable sentences. AG-S asserts that, by imposing a term of detention rather than ordering rehabilitation, the district court violated his due process rights and his Eighth Amendment rights, which he argues renders his sentence unlawful. Thus, AG-S's appeal falls within the first category of appealable sentences. 18 U.S.C. Sec. 3742(a)(1). We review the legality of AG-S's sentence de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc).
 
 
 10
 AG-S argues that, when a court sentences a juvenile, it is required to consider rehabilitation. To support this assertion, AG-S cites the evolution of juvenile justice and its emphasis on rehabilitation. He points to a United States Supreme Court decision that indicated that the rehabilitative goal of the juvenile justice system has not been completely abandoned. United States v. R.L.C., 112 S.Ct. 1329, 1335 n. 2 (1992). We need not decide, however, whether rehabilitation must be considered in sentencing a juvenile.
 
 
 11
 At sentencing, AG-S's attorney extensively argued, and requested the court to focus on, rehabilitation. Supplemental Excerpts of Record (SER) at 64-68. Thus, in sentencing AG-S, the court considered his request. The district court did not violate AG-S's Fifth or Eighth Amendment rights in imposing this sentence.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3